## BANK OF LOUISIANA *v.* JAMES MORGAN et al.

A drawer of a bill of exchange is entitled to notice of protest for non-payment, where it appears that such bill was not given for his accomodation, but that of the acceptors, who had specially contracted that the bill should be paid at maturity.

The fact that the bill was payable by the acceptors, at a particular place, did not dispense the holder, who wished to fix a liability upon the drawer, from the duty of notifying him of the protest for non-payment.

APPEAL from the District Court of the Parish of St. Landry, *Martel*, J.
J. E. *King*, for plaintiff. *Swayze & Moore*, for defendant and appellant.

SPOFFORD, J. The defendant, *Morgan*, has appealed from a judgment rendered against him as *drawer* of a bill of exchange.

His defence is, that he had no notice of protest.

On the other side, it is contended that he was not entitled to notice, and that, if he was, there is sufficient proof that due notice was given.

1. It appears (as is admitted by plaintiff's counsel) from the answers to interrogatories on facts and articles, that the draft was not given for the accomodation of the drawer. It further appears from the same answers, that arrangements were made between the drawer and the drawees, by which the latter specially contracted with the former to pay his bill at maturity, under such circumstances as entitled him to a notice of protest for non-payment.

The fact that the bill was payable by the acceptors at a particular place, did not dispense the holder, who wished to fix a liability upon the *drawer*, from the duty of notifying him of the protest for non-payment.

2. The burden of proving due notice to the drawer was assumed by the plaintiff. The notary certifies that he sent the notice for the drawer, *Morgan*, who was also the first endorser, inclosed in the notice to the last endorser, *E. McIlhenny*, cashier, to Opelousas, by mail, on the day of the protest. *McIlhenny* had one day to notify the prior endorser, *Morgan*. But the proof of this notice is wanting. No minute seems to have been kept at the office of *Mr. McIlhenny*, cashier, to show that any notice was even received by him, or that any notice was forwarded to *Morgan*. After an interval of four years, *Debaillon*, agent of *McIlhenny*, can only testify that it was the invariable rule to forward such notices for other parties as were received at the office ; he cannot say that he received the notice in the present case, but remembers to have sent notices to these same parties, but does not remember whether it was in this particular case. Such evidence is quite insufficient to establish a legal notice. Nor is it aided by the answers of appellant to the interrogatory propounded to him by the plaintiff upon this point. He said that " he had no recollection of having been notified of the protest of said draft, he believes he was not notified." This is not evasive, and, after a lapse of

four years from the date of the circumstance inquired of, an answer could hardly be expected to be more positive.

It is unnecessary to notice the bill of exceptions. If we disregard that portion of one of defendant's answers which was objected to, the case is not altered in any material respect.

It is, therefore, ordered, that the judgment, as against the defendant, *James Morgan*, be avoided and reversed; and it is now ordered and decreed, that there be judgment in his favor as in case of nonsuit, with costs in both courts.